UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERALD ROYLANCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALG REAL ESTATE SERVICES INC., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02445-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; ENTERING DEFAULT JUDGMENT AND MODIFIED INJUNCTION AGAINST DEFENDANTS**<br><br>[Re: ECF 14, 17] |

　　　　Before the Court is Magistrate Judge Paul Singh Grewal's March 18, 2015 Report and Recommendation that Plaintiff's Motion for Default Judgment be Granted-in-Part. Report and Recommendation ("R&R"), ECF 17. The time for objecting to the Report and Recommendation has elapsed, and no objections were filed. Fed. R. Civ. P. 72(b)(2). Having read and considered the Report and Recommendation, as well as the record on its face, the Court adopts the Report and Recommendation, as modified, for the reasons herein.

　　　　Plaintiff Gerald Roylance, proceeding *pro se*, alleges that defendants ALG Real Estate Services Inc., d/b/a AmeriFund Lending Group, Mark Augustus, and Donecia La Shaun Augustus violated provisions of the federal Telephone Consumer Protection Act ("TCPA"), California's Unfair Competition Law, California's False Advertising Law and the California Public Utilities Code by making numerous unsolicited and anonymous telephone calls to his residential telephone number.[1] Judge Grewal found that Plaintiff had adequately established that six prerecorded calls

---

[1] In paragraph 9 of the Complaint, Plaintiff also identifies "1st Global Diversified, Inc.," a suspended California corporation, as a defendant. No summons was issued for this defendant, and Plaintiff did not serve the defendant. Nor has Plaintiff requested any sort of relief against this defendant. The Court therefore DISMISSES defendant 1st Global Diversified, Inc. without

he received in 2010 violated 47 U.S.C. §§ 227(b) and (c) because they were unsolicited, prerecorded, failed to identify the caller, and blocked the identity of the caller in contravention of applicable regulations promulgated by the Federal Communications Commission. R&R 7-9. Plaintiff also established that two live phone calls he received violated § 227(c) because they likewise blocked the identity of the caller. *Id.* at 9. Accordingly, Judge Grewal recommends judgment against defendants ALG and Mark Augustus for statutory and treble damages of $21,000 for fourteen violations of the TCPA. *Id.* at 19-23. These findings are well founded in fact and law and the Court adopts Judge Grewal's recommendation with respect to the TCPA claims in its entirety.

Judge Grewal found that Plaintiff had not adequately demonstrated that defendant Donecia August should be held liable for the violations, a conclusion that this Court also adopts. *Id.* 12-15.

Furthermore, Judge Grewal found that Plaintiff is entitled to injunctive relief under the TCPA and California Business and Professions Code § 17500.3 and recommends that defendant Mark Augustus be "permanently enjoined from violating the TCPA, the regulations promulgated under it and Cal. Bus. & Prof. Code § 17500.3." *Id.* at 25-26. The TCPA provides for injunctive relief as a remedy. 47 U.S.C. § 227(b)(3)(A); *id.* § 227(c)(5)(A). Injunctions authorized by statute do not require a showing of irreparable injury, only a showing that a violation of the statue is about to be committed, which Plaintiff has clearly made here. *United States v. Laerdal Mfg. Co.*, 73 F.3d 852, 855 (9th Cir. 1995). The Court therefore finds that Judge Grewal's recommendation of injunctive relief is well founded in fact and law. The recommended injunction is, however, overbroad in enjoining defendant Mark Augustus from violating the law. As such, the Court shall modify the recommended injunction to enjoin defendant Mark Augustus from making unsolicited telephone calls to Plaintiff.[2]

Based on the foregoing, the Court adopts Magistrate Judge Grewal's Report and

---

prejudice.

[2] The Court does not reach the question of Plaintiff's standing to pursue injunctive relief under California Business & Professions Code § 17500.3 in a representative capacity because Plaintiff has made no showing that a broader injunction is warranted.

Recommendation as modified. Plaintiff Gerald Roylance shall have default judgment against ALG and Mark Augustus jointly and severally in the amount of $21,000. Defendant Mark Augustus is moreover permanently enjoined and restrained from directly or indirectly engaging in any of the following acts: (1) making any call using any automatic telephone dialing system or artificial or prerecorded voice to Plaintiff Gerald Roylance's residential telephone number of (650) 948-1790 without Plaintiff's prior express consent to such call; and (2) making any call to Plaintiff's residential telephone number that blocks the transmission of caller identification information. The Court retains jurisdiction for the purpose of making any further orders necessary or proper for the consideration or modification of this Order, the enforcement thereof, and the punishment for any violations thereof.

Plaintiff is HEREBY ORDERED to serve a copy of this Order, Judge Grewal's Report and Recommendation, and the accompanying default judgment and permanent injunction orders on defendants ALG Real Estate Services Inc. and Mark Augustus.

**IT IS SO ORDERED.**

Dated: April 3, 2015

_____
BETH LABSON FREEMAN
United States District Judge